IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LULA WESTBROOK, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | Civil Action No. 3:24-CV-1726-D-BK |
| § | |
| NAVY FEDERAL CREDIT UNION, § | |
| et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Lula Westbrook's ("Westbrook's) *pro se* complaint and motion for emergency injunction are dismissed with prejudice as frivolous, and Westbrook is barred from filing future actions in this court without first obtaining leave from a district or magistrate judge of this court.

I

On May 15, 2024 Westbrook filed a *pro se* complaint and motion for emergency injunction against defendants Navy Federal Credit Union ("NFCU") and Dietrich Kuhlmann ("Kuhlmann"). The complaint is difficult to decipher and nonsensical. Westbrook sues NFCU and Kuhlmann for alleged constitutional violations, and she cites generally to 42 U.S.C. § 1983, but does not state a cause of action or allege any coherent facts from which the court can discern a cognizable cause of action. Westbrook instead seeks an "emergency injunction, emergency relief, COVID relief, miscellaneous relief, transcript, include right to Due Process, FEE WAIVE, EMERGENCY EFILE, Emergency Advance, JURY demand, ORIGINAL, [and] APPOINTMENT OF COUNSEL[.]" Compl. (ECF No. 3) at 1. She then states:

> Navy Federal Credit Union acting manager, representation Defendant over personal space. Telescope request. Cause 42:1983 Civil Rights Act. Venue proper for matter of Navy Federal Credit Union action and reaction. Defendant's course request.. Cause 42:1983 Civil Rights Act. Defendant Navy Federal Credit Union imagination served if, need be hearing. Statement process sufficient. Motion for Service. Cause 42: 1983 Civil Rights Act. Manner Serving Defendant Navy Federal Credit Union attention to detail sufficient. Voluntary opposition request. Cause 42:1983 Civil Rights Act.
>
> COMPLAINT: Navy Federal Credit Union relaxation. Facts allege, Plaintiff's sentient claim enough rights to recover. Case upon which relief granted request. Cause 42:1983 Civil Rights Act. United States 5ᵗʰ Circuit Court of Appeals. Navy Federal Credit Union units objective evidence. Case moral obligation, party need to be joined. Motion For Emergency Injunction. 42:1983 Civil Rights Act. Why 28 U.S. Code § 1343, 5/8/24.

*Id.*

Along with the complaint in this case, Westbrook mailed (in the same envelope) 15 other complaints with emergency-injunction requests against state and federal agencies, local entities, and private companies. The complaints raise nearly identical allegations that are nothing more than gibberish.

Upon review of the complaint, the court concludes that Westbrook has failed to plead a plausible (or even cognizable) claim, and her factual contentions appear irrational and delusional. Therefore, the court concludes that this civil action should be summarily dismissed as frivolous.

II

Because Westbrook did not pay the filing fee, the court presumes that she seeks leave to proceed *in forma pauperis*. As a result, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides, among other things, for *sua sponte* dismissal of a complaint if the court finds that it is frivolous or malicious. A complaint is frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The latter category encompasses allegations that describe "fanciful, fantastic,

and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible[.]" *Denton*, 504 U.S. at 33 (citations omitted).

The court must liberally construe Westbrook's complaint because she is a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). But even under this liberal standard, Westbrook has failed to state a plausible or viable claim or anything that can be construed as one. And, as illustrated here, her factual contentions are nonsensical and even irrational, consisting of nothing more than gibberish. Her allegations are thus inadequate to support any cognizable claim. *See Denton*, 504 U.S. at 33. Consequently, Westbrook's complaint should be summarily dismissed with prejudice as factually and legally frivolous.

### III

Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint before her case is dismissed, but leave is not required when she has already pleaded her "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed here, Westbrook has failed to state or suggest a cognizable claim or any facts from which a cognizable claim can be inferred. Based on the most deferential review of her complaint, it is unlikely that, given the opportunity, Westbrook could allege cogent and viable legal claims. The court therefore concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

### IV

The court takes judicial notice that, on May 15, 2024, Westbrook filed 16 complaints, including this case, that raise fantastic and delusional allegations. *See* Case Nos. 3:24-cv-01724-

X, 3:24-cv-01725-D, 3:24-cv-01726-D, 3:24-cv-01727-N, 3:24-cv-01728-L, 3:24-cv-01729-B, 3:24-cv-01730-L, 3:24-cv-01731-E, 3:24-cv-01732-K, 3:24-cv-01733-S, 3:24-cv-01734-K, 3:24-cv-01735-L, 3:24-cv-01736-D, 3:24-cv-01737-S, 3:24-cv-01738-N, 3:24-cv-01739-B.  In February and April 2024, Westbrook filed two other civil actions.  One case was dismissed for lack of subject matter jurisdiction, and the other one was dismissed with prejudice as frivolous and for failure to state a claim.  *See Westbrook v. United States*, No. 3:24-cv-00451-E-BK (N.D. Tex. Mar. 29, 2024); *Westbrook v. DeJoy, et al.*, No. 3:24-cv-00901-S-BT (N.D. Tex. May 29, 2024).

Federal courts have the inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority."  *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993) (per curiam).  Sanctions may be appropriate when, as here, a *pro se* litigant has a history of submitting multiple frivolous claims.  *See Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993) (authorizing sanctions against *pro se* litigants); Fed. R. Civ. P. 11(b)(2) & (c)(1).  *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."  *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).  Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees—indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989); *see also In re Stone,* 986 F.2d at 902.

Although "[t]he imposition of a sanction without a prior warning is generally to be avoided," *Moody v. Baker*, 857 F.2d 256, 258 (5th Cir. 1988) (per curiam) (citing *Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866 (5th Cir. 1988) (en banc)), that general rule does not apply where the complaint is merely the latest in a string of cases dismissed as frivolous.  *Id.*

Based on Westbrook's filing history and her pattern of filing frivolous, delusional actions—18 cases in fewer than six months, 16 of which were mailed in the same envelope—she should be barred from filing future actions in this court without first obtaining leave from a district or magistrate judge of this court.

V

By judgment filed today, this action is dismissed with prejudice as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

Westbrook is also barred from filing future actions in this court without first obtaining leave from a district or magistrate judge of this court. To obtain leave to file, Westbrook must file an "Application Pursuant to Court Order Seeking Leave to File" with a copy of the proposed complaint and certify that: (1) the claim or claims presented have never been raised and disposed of on the merits by any federal court; and (2) the claim or claims are not frivolous or taken in bad faith. Any application for leave to file must either cite to, or affix, a copy of this memorandum opinion and order.

As used in this memorandum opinion and order, "filing future actions in this court" includes not only filing suits initially in this court but removing suits from a state or county court to this court.

VI

The court prospectively certifies that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court adopts and incorporates by reference this memorandum opinion and order dismissing this action. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.21 (5th Cir. 1997). Based on this memorandum opinion and order, the court finds that any appeal of this action would present no

legal point of arguable merit and would, therefore, be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (per curiam). If plaintiff appeals this judgment, she may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of the Court, U.S. Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**SO ORDERED**.

July 11, 2024.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE